# IN RE COLTON.

---

PATENTS; NOVELTY OF PROCESS.

An alleged improvement in the process of forming pill mass into pills, consisting of feeding the pill mass to an old rolling machine in a different manner, that is, by cutting the pipe into uniform parts before feeding them to the rolling machine, so as to reduce the supply, is not patentable.

No. 204.   Patent Appeals.   Submitted November 12, 1902.   Decided November 3, 1902.

HEARING on an appeal from the Commissioner of Patents rejecting an application for a patent.          *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. L. S. Bacon, Mr. Charles F. Burton,* and *Mr. E. S. Stoddart* for the appellant.

*Mr. John M. Coit* for the Commissioner of Patents.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is an appeal by Arthur Colton from the decision of the Commissioner of Patents denying an application for patent having the following claims:

" 1. The process of forming pill mass into pills, consisting in rolling the mass into a pipe of the required diameter, dividing said pipe into a number of short parts, each of which contains the amount of material that will form the pill required, placing said parts separately between grooved surfaces and then rolling said parts into pills by the relative movement of said surfaces, substantially as described."

" 2. The process of forming pill mass into pills, consisting in rolling the mass into a pipe of the required diameter,

dividing said pipe into a number of short parts, each of which contains the amount of material that will form the pill, feeding said parts separately into a forming machine between relatively moving grooved surfaces and rolling said parts into pills in said grooves, substantially as described."

"3. The process of forming pill mass into pills, consisting in dividing the pill mass into the required-size pieces and feeding said pieces automatically to a machine for forming them into the required shape."

We agree with the Commissioner of Patents that the foregoing claims are not patentable. Approving the reasons given in his well-considered decision, and, moreover, in view of the concurrence in judgment of the other tribunals of the Patent Office, as well as the singleness of the question presented, we regard further discussion as unimportant.

Viewed in its most favorable light, the alleged novelty of the process claimed consists in feeding the pill mass to an old rolling machine in a different manner.

Formerly, the rolled mass, called the pipe, was fed to the grooved rolling machine which divided it into portions and rolled them into pills. As a frequent result of over-feeding and irregular division, pills were unequal in quantity and not regularly rounded. In such case as the Commissioner has said: "obviously the remedy was to reduce the supply." This is done by cutting the pipe into uniform parts before feeding them to the same old rolling machine.

There is nothing in the case calling for a consideration of the limitations upon patents for processes. Viewed in the most favorable light the applicant has not discovered anything entitling him to a patent.

It follows that the decision must be affirmed. It is so ordered and that this decision be certified to the Commissioner of Patents in conformity with the requirements of the law.

                                                    *Affirmed.*